IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **EDWARD MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **WILMINGTON SAVINGS FUND** | ) |
| **SOCIETY FSB, its attorney in fact,** | ) |
| **FAY SERVICING, LLC, DEUTSCHE** | ) Case No. 2:23-cv-02389-JTF-atc |
| **BANK NATIONAL TRUST** | ) |
| **COMPANY, AS TRUSTEE FOR** | ) |
| **FFMLT 2007-FFB-SS, MORTGAGE** | ) |
| **PASS-THROUGH CERTIFICATES,** | ) |
| **SERIES 2007-FFB-SS, and its attorney** | ) |
| **In fact SPECIALIZED LOAN** | ) |
| **SERVICING, LLC,** | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are two pending Motions to Dismiss. First is Defendants Deutsche Bank National Trust Company and Specialized Loan Servicing, LLC's ("Deutsche Bank") Motion to Dismiss Plaintiff Edward Muhammad's Complaint, filed on July 5, 2023. (ECF No. 6.) Second is Defendants Wilmington Savings Fund Society FSB and Fay Servicing, LLC's ("Wilmington") corresponding Motion to Dismiss, filed on July 11, 2023. (ECF No. 11.) Plaintiff responded to both Motions on September 4, 2023. (ECF Nos. 21 & 22.) Wilmington and Deutsche Bank filed their Replies on September 11 and September 12, respectively. (ECF Nos. 24 & 26.) For the reasons set forth below, the Court **GRANTS** Defendants' Motions to Dismiss.

## I.  BACKGROUND

On July 29, 2004, Plaintiff obtained two mortgage loans secured by his property in Arlington, Tennessee, from First Franklin Financial Corporation ("First Franklin"). (ECF No. 1, 7-8.) The "First Mortgage" was for $190,738.00; the "Second Mortgage" was for $47,684.60. (*Id.*) The Second Mortgage loan is "the subject of this case." (*Id.*) Plaintiff executed two documents related to this loan, the Promissory Note and Deed of Trust. (*Id.*)

Plaintiff filed suit against Bank of America and Wells Fargo on July 5, 2013, alleging a breach of the mortgage agreement. (*Id.* at 8.) This culminated in a settlement agreement, signed December 11, 2017, the terms of which stipulated that Bank of America and Wells Fargo would modify the first mortgage loan and accept monthly principal and interest payments from Plaintiff until December 1, 2047. (*Id.* at 8-9.)

Following the settlement concerning the First Mortgage, Deutsche Bank, the holder of the Second Mortgage, foreclosed on Plaintiff's home. (*Id.* at 9.) Plaintiff sued Deutsche Bank and its servicer on January 30, 2020. (*Id.*) The lawsuit alleged wrongful foreclosure. (Case No: 2:20-cv-02139-TLP-cgc, ECF No. 86.) Deutsche Bank was granted summary judgment, and the Sixth Circuit affirmed on appeal. (*See id.*; *see also Muhammad v. Deutsche Bank Nat'l Tr. Co. as Tr. for FFMLT 2007-FFB-SS, Mortg. Pass-Through Certificates, Series 2007-FFB-SS, No. 21-6243*, 2023 WL 3067756, at *1 (6th Cir. Apr. 25, 2023)). After the court entered its order granting Deutsche Bank's motion for summary judgment but before entering judgment, Plaintiff attempted to amend his complaint to bring claims against the successors in interest to the original holders of the note, which are the claims currently before this Court. (*See* ECF No. 1, 9; *see also* Case No: 2:20-cv-02139-TLP-cgc, ECF No. 89.) The court did not grant the motion to amend because it

2

found that doing so would unduly prejudice the defendants who had just prevailed on summary judgment after litigating the case for two years. (*See* Case No: 2:20-cv-02139-TLP-cgc, ECF No. 98, 4.)

Plaintiff brought this action in state court on June 12, 2023. (ECF No. 1, 6.) The complaint alleges breach of settlement agreement, interference with contract, and seeks injunctive relief. (*Id.* at 9-14.) Defendants timely removed the case to this Court on June 27, 2023. (*Id.* at 1.) Deutsche Bank and Specialized Loan Servicing filed their Motion to Dismiss on July 5, 2023, which Plaintiff responded to on September 4, 2023, and Defendant replied on September 12, 2023. (ECF Nos. 6 & 22 & 26.) Wilmington and Fay Servicing filed their Motion to Dismiss on July 11, 2023, which Plaintiff responded to on September 4, 2023, and Defendant replied on September 11, 2023. (ECF Nos. 11 & 21 & 24.) Both Motions are alike in that they seek dismissal of the action based on claim preclusion but differ to the extent that Deutsche Bank's Motion also contends that issue preclusion bars this action, and Wilmington's Motion maintains that Plaintiff fails to state claim for relief as to intentional interference with contract or a claim for injunctive relief. (ECF Nos. 7 & 12.)

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create

3

speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.* However, that requirement is inapplicable to asserted legal conclusions. "Threadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements" do not suffice. *Iqbal*, 556 U.S. at 678. The Court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

As stated above, both Defendants contend that claim preclusion bars Plaintiff from bringing this case. Because the Court finds that claim preclusion bars this suit in its entirety, it does not consider whether issue preclusion also applies, or whether Plaintiff has stated a claim to contractual or injunctive relief that is plausible on its face.

Claim preclusion provides that a final judgment on the merits of an action bars the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v Moitie*, 452 U.S. 394, 398 (1981)). Claim preclusion bars a second lawsuit when "(1) the first lawsuit ends in a final judgment on the merits, (2) both suits involve the same parties or their privies, (3) an issue in the second suit should have been raised in the first, and (4) both suits ar[o]se

4

from the same transaction." *Chapman v. JPMorgan Chase Bank, N.A.*, 651 F. App'x 508, 510 (6th Cir. 2016) (quoting *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir.2015)) (internal quotation marks omitted).

The Court first considers whether there was a prior action that ended in a final judgment on the merits. Defendants point out that the court granted summary judgment in the prior action and the Sixth Circuit affirmed. *See EDWARD MUHAMMAD, Plaintiff, v. DEUTSCHE BANK NATIONAL TRUST COMPANY, as Tr. for FFMLT 2007-FFB-SS, Mortg. Pass-Through Certificates, Series 2007-FFB-SS, MACKIE WOLF ZIENTZ & MANN, P.C. as Substitute Tr., & SPECIALIZED LOAN SERVICING, LLC, Defendants.*, No. 220CV02139TLPCGC, 2021 WL 7084149, at *11 (W.D. Tenn. Nov. 24, 2021), aff'd sub nom. *Muhammad v. Deutsche Bank Nat'l Tr. Co. as Tr. for FFMLT 2007-FFB-SS, Mortg. Pass-Through Certificates, Series 2007-FFB-SS, No. 21-6243*, 2023 WL 3067756 (6th Cir. Apr. 25, 2023). Plaintiff maintains that the judgment in the prior suit does not bar the instant suit because the legal theories are different, and it could not bring these claims in the prior action after the court denied his motion to amend. (ECF No. 22, 2 & 5.)[1] Defendants contend it is irrelevant that this action raises new legal theories, because these claims could have been brought in the prior suit had Plaintiff made a timely motion to amend his complaint. (ECF Nos. 24, 6. & 26, 2-4.) Defendants also argue that the court's denial of Plaintiff's motion to amend in the prior suit solidifies this finding insofar as the court's holding explicitly relied on the fact that Plaintiff litigated the case for two years and then filed his motion to amend after entry of the summary judgment order. (*See* ECF Nos. 24, 6 & 26, 1-4.)

---

[1] The Court notes that both parties are using slightly different formulations of the same rule. Regardless of the formulation used, the main point of dispute appears to be the effect of a denial of a motion to amend on subsequent litigation.

The Court finds that the prior disposition does serve as a final judgment on the merits for claim preclusion purposes. The starting point for this determination is the maxim that "res judicata bars litigation in a second suit of claims that were unsuccessfully raised or that *should have been raised*, but were not, in the prior suit." *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991) (citing *Whitfield v. City of Knoxville*, 756 F.2d 455, 459 n.5 (6th Cir.1985)) (emphasis added). The Court takes Plaintiff's unsuccessful attempt to litigate the instant claims in the prior action via an amended complaint as evidence of Plaintiff's awareness that he *should* have raised these claims in the prior suit. (*See* ECF No. 1, 9; *see also* Case No: 2:20-cv-02139-TLP-cgc, ECF No. 89.) Plaintiff seems to admit as much in his Response where he states that "[t]he crux of this case is that the court in [the prior action] denied the motion to amend in that case to add these parties and 2 new claims and left these claims without a final adjudication." (ECF No. 22, 2.)

The main question then is whether the denial of a motion to amend in a prior action constitutes a final adjudication on the merits. Defendants cite to *Qualicare-Walsh, Inc. v. Ward* in support of their argument that denial of a motion to amend is a final adjudication on the merits. (ECF No. 26, 2 (citing 947 F.2d at 826).) However, as one court in this Circuit concluded, "[t]he Sixth Circuit applied a Tennessee res judicata test that [in *Qualicare-Walsh*] did not contain an explicit requirement for a final judgment on the merits." *Havensure, LLC v. Prudential Ins. Co. of Am.*, No. 1:08-CV-435, 2009 WL 204411, at *6 (S.D. Ohio Jan. 27, 2009) (assessing the precedential value of *Qualicare-Walsh*). Despite the difference, the Court finds in this case that the denial of Plaintiff's motion to amend in the prior action bars the instant action.

The First Circuit considered a nearly identical issue, and noted that:

> "[C]laim preclusion doctrine requires [a party] to live with [its strategic] choices. Those strategic choices include whether to attempt to amend a complaint and whether to appeal a

6

denial of such an attempt. When a party chooses to move for leave to amend its complaint and then not to appeal denial of that motion, the party is not entitled to a second opportunity [in a later action] to litigate [the] claim that the party sought to add. Instead, the party's recourse [is] to appeal, not to start a new action."

*Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012) (internal quotation marks and citations omitted).

This principle has been articulated in depth by commentators as follows:

It appears well-settled ... that claim preclusion bars a second action on the part excluded from the first action. This result is sound. The abstract theory that amendment should be freely allowed is widely honored in practice. There is likely to be good reason when the court that has control of the first action concludes that a party should not be allowed to advance matters so closely related to the action as to be part of a single claim. Unless the court can be persuaded to direct that denial of leave to amend is without prejudice to advancing the new matter in a separate action, preclusion should apply. Any error should be corrected by appeal in the first proceeding.

18 Wright & Miller, Federal Practice and Procedure § 4412 (footnotes omitted).

Here, Plaintiff sought to amend his complaint after the district court granted defendants' motion for summary judgment but before entry of the final judgment. He had the opportunity to amend his complaint earlier, as well as the right to appeal the court's denial of his untimely motion to amend, but failed to do either. Thus, when the court entered the final judgment in that case, it reached a final adjudication on the merits as to those claims that were contained within the motion to amend, which are now the subject of this suit. Hence, the Court finds that there has been a final adjudication on the merits.

The foregoing analysis also satisfies the third and fourth elements of the claim preclusion test which require that claims in the subsequent suit should have been raised in the first, and that both suits constitute the same transaction. *See Chapman*, 651 F. App'x at 510. First, the Court has already found that Plaintiff should have raised the issues now pending before this Court in the

7

prior suit. Second, as Defendants argue, the prior suit and this one concern the same transaction: "the First and Second Mortgage (both made at the same time), Plaintiff's default, the foreclosure of the Second Mortgage, and the foreclosing junior mortgagee's payoff of the First Mortgage." (ECF No. 12, 9.) Plaintiff does not dispute that the two lawsuits involve the same transaction anywhere in his briefing.

Finally, it is undisputed that "both suits involve the same parties or their privies." *See Chapman*, 651 F. App'x at 510. Even Plaintiff describes Defendants in this action as "successors in interest to the original holders of the note" which were the parties to the Settlement Agreement that were involved in the prior action. (ECF No. 1, 9.)

The Court finds that claim preclusion bars Plaintiff from bringing this action because (1) the denial of Plaintiff's motion to amend following summary judgment, in addition to an affirmance on appeal, constitutes a final adjudication on the merits in the prior action; (2) Defendants in this action were successors in interest to the parties in the prior action; (3) Plaintiff should have raised all of this action's claims in the prior action; and (4) this action and the prior action concern the same transaction.

### IV.   CONCLUSION

Consistent with the foregoing, the Court finds that Defendants' Motions to Dismiss are well-taken and **GRANTS** them. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED** this 15th day of December, 2023.

s/John T. Fowlkes, Jr.
**JOHN T. FOWLKES, JR**
**UNITED STATES DISTRICT JUDGE**