IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **EDWARD MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **WILMINGTON SAVINGS FUND SOCIETY FSB, its attorney in fact, FAY SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FFMLT 2007-FFB-SS, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FFB-SS, and its attorney in fact SPECIALIZED LOAN SERVICING, LLC,** | ) ) ) ) ) ) ) ) ) ) ) Case No. 2:23-cv-02389-JTF-atc |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTIONS FOR SANCTIONS AGAINST PLAINTIFF**

Before the Court is Defendants Deutsche Bank and Specialized Loan Servicing's Motion for Sanctions Against Plaintiff, filed on November 30, 2023. (ECF No. 34.) Therein, Defendants seek sanctions against Plaintiff under Federal Rule of Civil Procedure 11(b)(1) and (b)(2) because he brought this action for an improper purpose, and his claims are unwarranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. They believe that sanctions are warranted in the form of dismissal of all claims against Defendants and an award of reasonable attorney fees incurred in representing defendants in this action. (*Id.* at 1.) For the reasons set forth below, Defendants' Motion for Sanctions is **DENIED**.

## I.       BACKGROUND[1]

On January 30, 2020, Plaintiff brought a substantively nearly identical action to the instant case in this Court. (ECF No. 38, 2.) The lawsuit alleged wrongful foreclosure. (Case No: 2:20-cv02139-TLP-cgc, ECF No. 86.) Deutsche Bank was granted summary judgment, and the Sixth Circuit affirmed on appeal. (*See id.*; *see also Muhammad v. Deutsche Bank Nat'l Tr. Co. as Tr. For FFMLT 2007-FFB-SS, Mortg. Pass-Through Certificates, Series 2007-FFB-SS, No. 21-6243*, 2023 WL 3067756, at *1 (6th Cir. Apr. 25, 2023)). After the court entered its order granting Deutsche Bank's motion for summary judgment but before entering judgment, Plaintiff attempted to amend his complaint to bring claims against the successors in interest to the original holders of the note, which are the claims that were before the Court in the instant case. (ECF No. 38, 2.) The court did not grant the motion to amend because it found that doing so would unduly prejudice the defendants who had just prevailed on summary judgment after litigating the case for two years. (*Id.* at 2-3.)

Plaintiff commenced this action in state court on June 12, 2023, and Defendants timely removed the case to this Court on June 27, 2023. (*Id.* at 3.) Deutsche Bank and Specialized Loan Servicing filed their Motion to Dismiss on July 5, 2023, and Wilmington Savings Fund Society FSB and Fay Servicing, LLC filed their Motion to Dismiss on July 11, 2023. (*Id.*) Both Motions sought dismissal of the action primarily on the ground that the prior denial of Plaintiff's motion to amend to bring the claims that now comprise this action barred bringing the same claims in the instant action for claim preclusion purposes. (*Id.*) In its December 15, 2023 Order, the Court found that claim preclusion barred this action and dismissed it. (*Id.* at 8.)

---

[1] The Court laid out this action's history in depth in its prior Order Granting Defendants' Motion to Dismiss. (See ECF No. 38, 2-3.) It provides only a summary of the relevant facts here.

Defendant filed their Motion for Sanctions on November 30, 2023. (ECF No. 34.) In their Memorandum in support of the Motion, Defendants contend that Plaintiff should be sanctioned under Federal Rule of Civil Procedure 11 for bringing a suit that has already been adjudicated, and asserting claims that are frivolous and not warranted by existing law. (ECF No. 35, 3-6.) Defendants also argue that based on the numerous lawsuits Plaintiff has brought regarding this same fact pattern, Plaintiff will not stop bringing these identical suits if Rule 11 sanctions are not imposed. Accordingly, Defendants seek sanctions in the form of the dismissal with prejudice of all claims against them, and the award of reasonable attorneys' fees and costs. (*Id.* at 10.) Because the Court dismissed this case with prejudice in its prior order, it considers only whether the award of fees and costs is proper below.

## II.   LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure governs representations made to the Court and establishes that when an attorney or unrepresented party signs, files, submits, or "later advocat[es]" a pleading, written motion, or the like, the attorney or party certifies to the Court that:

(1) it is being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

3

 (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c)(1) grants the Court discretion to "impose an appropriate sanction" on an attorney or party "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. The purpose of Rule 11 is to deter baseless filings and streamline the administration and procedure of the federal courts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

"[T]he test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (internal quotations marks and citation omitted). Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986) (quoting Advisory Committee Note, Fed. R. Civ. P. 11).

### III. ANALYSIS

Defendants argue that sanctions are warranted under Rule 11(b)(1) and (b)(2) because Plaintiff brought this suit for an improper purpose and his claims are no warranted by existing law or by a nonfrivolous argument. The Court considers both arguments below and concludes that neither argument supports monetary sanctions.

### A. Sanctions under Rule 11(b)(1)

Defendants contend that because Plaintiff does not dispute the rulings in the prior suits, namely the grant of summary judgment in favor of Defendants in the suit that directly preceded the filing of the instant action, this case must have been brought to either cause unnecessary delay

or needlessly increase the cost of litigation. (ECF No. 35, 4.) They point out that Plaintiff explicitly stated in his Response to their Motion to Dismiss that he did not challenge the legitimacy of the summary judgment order in the prior suit. (ECF No 22, 2.) Based on this concession, Defendants argue that Plaintiff should have therefore been able to recognize that even if the Court entertained the new claims in this suit, they would fail because the elements necessary to prove the claims, and the remedies sought would be barred under claim preclusion. (ECF No. 35 at 4.)

The Rule 11(b)(1) improper purpose analysis resembles the bad faith analysis under a court's inherent power to sanction a party by shifting fees. *Second Ave. Museum, LLC v. RDN Heritage, LLC*, 3:20-cv-00067 at *9 (M.D. Tenn. Feb. 8, 2022), citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010). Under that standard, pursuing an action that is without merit may be evidence of bad faith, but a court "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *BDT Prods.,* 602 F.3d at 752 n.4, 753 (emphasis in original). "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose," but such conduct may not be shown only by knowing pursuit of a meritless claim. *Id.* at 754.

Defendants maintain that Plaintiff's conduct in this action meets this "something more" standard because he attempted to enjoin the prevailing parties in the prior suit from obtaining possession of the property in this action, which amounts to hampering the enforcement of court orders and improper use of the courts to delay the inevitable. (ECF No. 35, 6.) The Court disagrees. The Court made sufficiently clear throughout its Order Granting Defendants' Motions to Dismiss that it had found Plaintiff's claims to be meritless. (*See generally* ECF No. 38.) However, it cannot

5

find support for Defendants' argument that an improper purpose can be gleaned from the act of bringing barred claims. The Court also does not find support for Defendants' claim that this action was merely delaying the inevitable because this case's holding relied on the Court's resolution of an issue of first impression for this district and the Sixth Circuit concerning whether the denial of a motion to amend in a prior action constitutes a final adjudication on the merits. (ECF No 38, 6.) At worst, Plaintiff "knowingly pursued a meritless claim," which does not warrant a finding of improper purpose or an imposition of sanctions. *See BDT Prods.,* 602 F.3d at 752 n.4, 753. Hence, the Court finds that its prior holding that claim preclusion bars this suit does not necessitate the imposition of sanctions under Rule 11(b)(1).

### B. Sanctions under Rule 11(b)(2)

Defendants next argue that Plaintiff should be sanctioned because his claims are frivolous and not warranted by existing law. (ECF No. 35, 6.) They contend that Plaintiff's core legal argument that a junior lienholder cannot take possession of property as long as the senior lien is in good standing lacks any rational legal basis. (*Id.*) More specifically, the issue in this case was whether a junior lienholder could pay off a mortgagor's debt to the senior lienholder despite where the parties had entered into a settlement agreement that modified the terms of the debt repayment schedule. (ECF No. 1, 9-10.) This appears to have been the basis for Plaintiff's breach of settlement agreement and intentional interference with contract claims. (*See id.*) The Court notes that Defendants Deutsche Bank and Specialized Loan Servicing's Motion to Dismiss only addressed issue and claim preclusion, so the instant Motion is the first time that they have briefed the merits of Plaintiff's arguments. This is also the Court's first time considering the merits of Plaintiff's case because it was unnecessary to do so in the Order Granting Defendants' Motion to Dismiss. Thus,

6

Defendants are in essence asking the Court to inquire into whether Plaintiff's claims are frivolous to determine whether to award them attorney's fees when they and the Court already found substantive consideration of Plaintiff's claims to be unnecessary for resolving this case. As stated above, the purpose of Rule 11 is to deter baseless filings and streamline the administration and procedure of the federal courts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court finds that entertaining Plaintiff's claims for the first time after the case has already been dismissed, when Defendants previously recognized that such an inquiry was unnecessary, would not be consistent with the policies undergirding Rule 11. Therefore, the Court finds that sanctions under Rule 11(b)(2) are not warranted.

## IV.   CONCLUSION

Consistent with the foregoing, the Court finds that Defendants are not entitled to attorney's fees as a sanction against Plaintiff under Rule 11(b)(1) or (b)(2). Accordingly, Defendants' Motion for Sanctions Against Plaintiff is **DENIED**.

**IT IS SO ORDERED** this 5th day of February 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR
UNITED STATES DISTRICT JUDGE